UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**JAMES GLENN AVERY**                                                                       **PLAINTIFF**

v.                                                              **CIVIL ACTION NO. 4:12CV-P133-M**

**JOE BLUE**                                                                                **DEFENDANT**

### MEMORANDUM AND ORDER

Seeking punitive damages and injunctive relief in the form of proper medical treatment, Plaintiff James Glenn Avery, a convicted inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Hopkins County Jailer Joe Blue in his official capacity. He alleges that since his incarceration began at the Hopkins County Jail in September 2012, he has been denied his medications and the opportunity to be seen by a doctor. On one occasion, a nurse at the jail stated that "this facility don't prescibe psyc medication here anymore, or any other type of medication" and that "Joe Blue quit giving out almost every kind of medication there is last year." Plaintiff asked the nurse what he was supposed to do about getting his medications and medical attention and that the nurse "shrugged her shoulders and stated . . . . by state law that they don't have to prescibe me any medication or medical attention" (ellipsis in complaint). Plaintiff alleges a violation of his constitutional rights, which the Court more specifically construes as arising under the Eighth Amendment to the United States Constitution.

Because Plaintiff is a prisoner seeking relief against a governmental entity or officer, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the

court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendant Blue, therefore, are actually against Hopkins County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

For the purposes of initial review under § 1915A, the Court concludes that Plaintiff has sufficiently stated a Hopkins County Jail policy of no longer dispensing "psyc medication" and of no longer dispensing "almost every kind of medication." Because "a municipality is immune from punitive damages under 42 U.S.C. § 1983," *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), the Court will allow the Eighth Amendment denial-of-medical treatment claims to continue against Defendant Blue in his official capacity for injunctive relief only.

**IT IS THEREFORE ORDERED** that the Eighth Amendment claims for punitive damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Scheduling Order governing the development of the continuing Eighth Amendment claims.

Date: January 28, 2013

*Joseph H. McKinley, Jr.* (signature)

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Defendant
 Hopkins County Attorney
4414.005